19 F.3d 34
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Norman RICHARDSON, Plaintiff-Appellant,
v.
Owen SULLY and Tom Dailey, Defendants-Appellees.
 No. 93-3225.
 United States Court of Appeals, Tenth Circuit.
 March 28, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Norman Richardson, appearing pro se, appeals from the district court's Order granting summary judgment to the defendants Owen Sully, Sheriff of Wyandotte County, Kansas, and Tom Dailey, Chief of Police of Kansas City, Kansas, in his 42 U.S.C. Sec. 1983 civil rights suit. Richardson sought damages based upon his claims that he was deprived of his constitutional rights while detained within the Wyandotte County Detention Center and the Kansas City, Kansas, jail during early 1990.
 
 
 3
 Richardson alleged that he was denied medical care for the treatment of a fractured right hand and that he was subjected to unconstitutional, unsanitary and inhumane living conditions at each facility.
 
 
 4
 The district court observed that following Richardson's arrest and placement in the city jail on January 6, 1990, after he was involved in an altercation, he was taken to the Kansas University Medical Center where it was discovered that he had fractured his right hand. A splint was applied and held in place with an ace bandage wrap. After Richardson was charged with aggravated battery, he was transferred to the Wyandotte County Detention Center, initially housed in the "old" county jail, and later transferred to the newly constructed detention center.
 
 
 5
 The county health nurse gave Richardson non-prescription pain medication for pain in his right hand and helped Richardson complete a form to see a doctor. Within a short time, Richardson was again examined at the medical center. An x-ray demonstrated that the fracture of his right hand was properly aligned and healing. A permanent cast was applied.
 
 
 6
 While Richardson was confined in the "old" county jail, he slept on the floor with a mattress and bedding, including sheets, a blanket and a pillow, for about two weeks before he was assigned a bunk. This was the result of overcrowding. He had limited access to showers and clean clothes.
 
 
 7
 The district court held, as a matter of law, that Richardson's allegations failed to establish the requisite "deliberate indifference" by any city or county official or employee in relation to his medical care or that he was subjected to "cruel and inhumane" living conditions under the Eighth Amendment. We agree.
 
 
 8
 On appeal, Richardson contends (1) defendants are not entitled to summary judgment because genuine issues of fact remain unresolved, (2) defendant Owen Sully is not entitled to the protection of "Res Judacata," (3) he is entitled to a jury trial, (4) he is entitled to discover the insurance agreements of defendant Owen Sully, (5) he is entitled to default and/or sanctions against defendant Owen Sully for his attorney's refusal to allow him the lawful discovery of discoverable information, and (6) he should be granted a change of venue because of the District Court's prejudice against him and favoritism towards the defendants.
 
 
 9
 We grant Richardson's motion to proceed in forma pauperis simply to reach the merits.
 
 
 10
 In Estelle v. Gamble, 429 U.S. 97, 104 (1976), the Supreme Court held that "... deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." And in Clemmons v. Bohannon, 956 F.2d 1523 (10th Cir.1992), we held that the plaintiff must prove both a serious medical need and deliberate indifference thereto. The district court here found, based on the uncontroverted medical evidence, that Richardson received appropriate medical treatment while in custody.
 
 
 11
 The district court found that Richardson was in the city jail for only three days and in the county jail from January 9, 1990, until February 15, 1990, when he was released on bond, and while so confined he was a member of the plaintiff class of prisoners represented by counsel in the class action case entitled Woodson v. Sully No. 85-3049. Notwithstanding, the court found that Richardson had not presented a claim of constitutional deprivation. We agree. The district court reasoned that Richardson's claims of constitutional deprivations must be evaluated in light of his status as a pre-trial detainee under the due process clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-37 (1979) (plaintiff entitled to protection from conditions imposed as punishment or in violation of constitutional rights).
 
 
 12
 In Rhodes v. Chapman, 452 U.S. 337, 349 (1981), the Supreme Court held that in a challenge to prison conditions under the Eighth Amendment the courts must look to the totality of conditions and apply the "shock the conscience" test to determine whether the alleged deprivations deny "... the minimal civilized measure to life's necessities." In Garcia v. Salt Lake County, 768 F.2d 303, 307 (10th Cir.1985), we held that "... it is proper to apply a due process standard which protects pretrial detainees against deliberate indifference to their serious medical needs." The same rationale applies to living conditions.
 
 
 13
 We AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470